THE PEOPLE OF THE STATE OF NEW YORK ex rel. HORACE M. LOWER, Respondent, v. TIMOTHY J. DONOVAN, Inspector of Election, Appellant, Impleaded with Others, Defendants.

*Mandamus — election laws — construction of chapter* 130 *of the Laws of* 1842 *— rule as to a* mandamus *in the first district — sealing a writ on a general election day — Laws of* 1842, *chap.* 130, *secs.* 4, 5.

Upon the general election day in November, 1891, a justice of the Supreme Court, upon the application of an elector, granted an order requiring the inspectors of a New York city election district to show cause before him, " at a Special Term * * * to be held at chambers, in the County Court House," why a peremptory writ of *mandamus* should not issue commanding the inspectors to allow the elector to vote. The order was served, and upon the return thereof a peremptory writ, having the usual seal and attestation, was issued. This was disregarded.

Upon an appeal from an order punishing the inspectors for contempt:

*Held,* that section 4 of chapter 130 of the Laws of 1842, providing that no civil process shall be served upon an elector entitled to vote, on the day on which the election shall be had, did not apply, the writ in this case being intended only for the protection of the elector.

That section 5 of said act, providing that no court shall be open or transact any business in any city or town upon such an election day, had no application to the power of a judge to act.

That, under section 770 of the Code of Civil Procedure, in the first judicial district, an application for a *mandamus* being a motion, and the issuance of the writ being an order, may properly be made to and by a judge out of court, and need not be made at Special Term.

That this procedure was not changed by section 2068 of the Code of Civil Procedure.

That the words " at a Special Term " were surplusage, and that the intention of the judge clearly was to have the order to show cause returnable at chambers.

That the writ was not void, because it was sealed upon a day when it was provided by law that the county clerk's office should be closed.

That where a judge had power to issue a writ which required the seal of a particular officer, he had also power to make the writ effectual by having it properly sealed and attested by the clerk.

Appeal by the defendant Timothy J. Donovan, who was chairman of the board of inspectors of election in the seventh election district of the second assembly district, in the city of New York, at the election of November, 1891, from an order, entered in the office of the clerk of the county of New York on the 24th day

of December, 1891, adjudging him to be guilty of contempt and ordering that he be punished by fine and imprisonment.

Per Curiam:

At the election on the 3d day of November, 1891, the appellant was the chairman of the inspectors of election in the seventh election district of the second assembly district. On that day an order to show cause was granted by a justice of this court, returnable at a later hour of that day, why a peremptory writ of *mandamus* should not issue commanding the inspectors to allow the relator to vote. This order was served, and upon the return, the appellant not appearing, a peremptory writ was granted. Notwithstanding the service of the peremptory writ, the appellant subsequently refused to permit the relator to vote, and he relies on this appeal upon several grounds in justification of his willful disobedience of the order referred to.

The question now before the court is, not as to whether, if contested, the writ of *mandamus* would or would not have been granted. The writ was granted, allowed by the justice, signed by him and by the county clerk, duly served and willfully disobeyed.

There is, therefore, but one question which needs our consideration, and that is, whether the writ itself is void. And to show this the appellant relies upon two grounds:

*First.* The statute which provides that no civil process, or proceeding in the nature of civil process, shall be served on an elector entitled to vote in any city or town on the day on which such election shall be had. (Chap. 130, Laws of 1842, title 1; Banks' R. S. [6th ed.], vol. 1, p. 427.)

*Second.* Section 5 of the same statute, which provides that no court shall be opened or transact any business in any city or town on the day on which such election shall be held therein, unless it be for the purpose of receiving a verdict or discharging a jury. * * * But this section shall not prevent the exercise of jurisdiction of any magistrate when it shall be necessary in criminal cases to preserve the peace or to arrest offenders.

In reference to the first section (§ 4, *supra*), it need only be said that that does not apply to a process or proceeding directed against

a board, or a chairman thereof, having public duties to perform, such as was the position occupied by the appellant in the case at bar, but was intended to preserve the rights of an elector, and is expressly referred to as such in the title, section 4 being " Privileges of Electors."

As to section 5, under which it is insisted by the appellant that there is no power in the court or a justice of the Supreme Court to grant or issue a *mandamus* on any day on which a general election is held in this State. The answer to that proposition is, that section 5 does not affect the power of a judge at all. It merely prescribes that no court shall be opened or transact business in any city or town on the day of such election, unless for the purpose of receiving a verdict, etc. It merely relates to the sessions of courts, and to the organization of courts on election day, and does not interfere with the power of judges to grant remedies that they have the right to grant irrespective of that statute.

By express provision of the Code (§ 770), in the first judicial district, a motion, which elsewhere must be made in court, may be made to a judge out of court, except for a new trial on the merits. Section 768 defines what a motion is, viz. : An application for an order is a motion. Section 767 defines what an order is, viz. : A direction of a court or judge made, as prescribed in this act, in an action or special proceeding, unless it is a judgment, is an order.

Therefore, the application for a *mandamus* is a motion, and the issuing of the *mandamus* is an order under the definition of the Code.

But it may be said that section 2068 takes the application for a *mandamus* out of the general provision of section 770 before referred to, which is, that, except where special provision is otherwise made in this article, a writ of *mandamus* can be granted only at a Special Term of the court. The exception in regard to the special provision, it is to be observed, is an exception in favor of an application to the General Term under certain given circumstances. Therefore, it is apparent that anywhere, except in the first judicial district, an application for a *mandamus* must be made at a Special Term. But it is clear that it was not the intention of the legislature to restrict or to vary the practice in reference to applications which may be made out of court in the first judicial district, and in this particular instance to restrict the power of the judge. It was the policy of

the legislature to give the judges in the first judicial district all the powers of a court without the formality of being in court. Hence the provision that a motion, which elsewhere must be made in court, may be entertained by a judge out of court in the first judicial district. It seems, therefore, to follow that the provisions of the statute respecting the holding of courts have no application to an order which may be made by a judge in the first judicial district out of court.

It may be said, however, that the order to show cause, which was issued and which formed the foundation for the allowance of the *mandamus*, was made returnable at a Special Term of the court.

The language of the order required the respondent to " show cause before me, at a Special Term thereof to be held at Chambers at the County Court House." It is apparent that the use of the words " Special Term " was surplusage, for the reason that the order is returnable before the magistrate or judge who granted the order, and before him individually. It was evidently not intended to be made before the court, because the court is the same whether held by one judge or another. Therefore, the order to show cause was returnable before the judge, and the *mandamus* was issued by the judge, and the prohibition heretofore spoken of clearly does not apply.

It is, however, insisted that the writ is void because the county clerk had no authority to seal the writ, it being provided that the county clerk's office shall be closed on that day. This is true as to ordinary business to be done in the office of the county clerk; but where a judge has the power to issue a writ which requires the seal of a particular officer, he certainly has the power to make it effectual by procuring it to be properly sealed and attested by the clerk. It is to be observed that nothing is said in regard to the county clerk not acting as clerk, but simply that the county clerk's office shall be closed.

Having examined the questions presented, we find no reason for disturbing the conclusion reached by the judge below, and the order should, therefore, be affirmed, with ten dollars costs and disbursements.

Present—Van Brunt, P. J., O'Brien and Patterson, JJ.

Order affirmed, with ten dollars costs and disbursements.